**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| PGX HOLDINGS, INC., *et al.*,[1] | ) | Case No. 23-10718 (CTG) |
| Debtors. | ) | (Jointly Administered) |

**GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

## Introduction

The above captioned debtors and debtors-in-possession (collectively, the "Debtors"),[2] with the assistance of their proposed advisors, have filed their respective Schedules of Assets and Liabilities (the "***Schedules***") and Statements of Financial Affairs (the "***Statements***") with the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***"), pursuant to section 521 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "***Global Notes***") pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("***GAAP***"), nor

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PGX Holdings, Inc. (2510); Credit Repair UK, Inc. (4798); Credit.com, Inc. (1580); Creditrepair.com Holdings, Inc. (7536); Creditrepair.com, Inc. (7680); eFolks Holdings, Inc. (5213); eFolks, LLC (5256); John C. Heath, Attorney At Law PC (8362); Progrexion ASG, Inc. (5153); Progrexion Holdings, Inc. (7123); Progrexion IP, Inc. (5179); Progrexion Marketing, Inc. (5073); and Progrexion Teleservices, Inc. (5110). The location of the Debtors' service address for purposes of these chapter 11 cases is: 257 East 200 South, Suite 1200, Salt Lake City, Utah 84111.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Chad Wallace, Chief Executive Officer of PGX Holdings, Inc., in Support of Chapter 11 Filing and First Day Motions* (the "***First Day Declaration***"), filed contemporaneously herewith on June 4, 2023 (the "***Petition Date***") and incorporated by reference herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date (as defined herein) or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary and appropriate. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

Mr. Jared Hartley has signed each of the Schedules and Statements. Mr. Hartley is the Chief Financial Officer, Authorized Officer, or has signing authority for each of the Debtor entities. In reviewing and signing the Schedules and Statements, Mr. Hartley has relied upon the efforts, statements and representations of various personnel employed by the Debtors and advisors. Mr. Hartley has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors.

The Global Notes are in addition to any specific notes contained in any Debtor's Schedules or Statements. Furthermore, the fact that the Debtors have prepared Global Notes or specific notes with respect to any information in the Schedules and Statements and not to other information in the Schedules and Statements should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Notes or specific notes to the rest of the Debtors' Schedules and Statements, as appropriate.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

## Global Notes and Overview of Methodology

**Global Notes Control.** In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

**Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The

Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim (“***Claim***”) description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as “disputed,” “contingent,” or “unliquidated;” or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as “disputed,” “contingent,” or “unliquidated” does not constitute an admission by the Debtors that such Claim or amount is not “disputed,” “contingent,” or “unliquidated.” Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors’ chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

The listing in the Schedules or Statements by the Debtors of any obligation between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in a particular Debtor’s books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations.

**Description of Cases**. On June 4, 2023 (the “***Petition Date***”), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 6, 2023, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Debtors’ chapter 11 cases under case number 23-10718 (CTG) [Docket No. 54].

**Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Debtors’ Schedules and Statements reflect net book values as of May 31, 2023. Additionally, because the book values of assets such as patents, trademarks and copyrights may materially differ from their fair market values, they are listed as unknown amounts as of the Petition Date. Furthermore, assets which have fully depreciated or were expensed for accounting purposes do not appear in these Schedules and Statements, as they have no net book value.

**Personal Property – Leased**. In the ordinary course of business, the Debtors may lease furniture, fixtures and office equipment from certain third-party lessors for use in the daily operation of their businesses. Nothing in the Schedules and Statements is or shall be construed as an admission regarding any determination as to the legal status of any lease (including whether any lease is a

true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to any such issue.

**Recharacterization**. Notwithstanding the Debtors' reasonable best efforts to properly characterize, classify, categorize or designate certain Claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' business. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

**Liabilities**. The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary and appropriate.

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

**Insiders**. For purposes of the Schedules and Statements, the Debtors define "insiders" to include the following: (a) directors; (b) officers; (c) shareholders holding in excess of 5% of the voting shares of one of the Debtor entities (whether directly or indirectly); (d) relatives of directors, officers or shareholders of the Debtors (to the extent known by the Debtors); and (e) Debtor/non-Debtor affiliates.

Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose. The listing or omission of a party as an insider for purposes of the Schedules and Statements is for informational purposes and is not intended to be, nor should it be, construed as an admission that those parties are insiders for purpose of section 101(31) of the Bankruptcy Code.

**Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that

such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

**Executory Contracts**. Although the Debtors made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G. In addition, although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any claims held by any counterparty to such contract or lease. Furthermore, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over inclusion may have occurred.

**Classifications**. Listing a claim on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured" or (d) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claims or contracts or leases or to setoff of such claims.

**Claims Description**. Schedules D, E and F permit each of the Debtors to designate a claim as "disputed," "contingent" and/or "unliquidated." Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent" or "unliquidated," or that such claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including liability or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such claims as "disputed," "contingent" or "unliquidated." Moreover, listing a claim does not constitute an admission of liability by the Debtors.

**Excluded Assets and Liabilities.** The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued salaries, employee benefit accruals, and accrued accounts payable. In addition, and as set forth herein, the Debtors may have excluded amounts for which the Debtors have been granted authority to pay pursuant to orders entered by the Bankruptcy Court.

The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected. In addition, certain immaterial assets and liabilities may have been excluded.

**Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on account of a contract or for breaches of duty imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, whether asserted directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "***Causes of Action***") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

In the ordinary course of their business, from time to time, the Debtors become involved in litigation and informal disputes among third parties because the Debtors may hold funds that are the subject of the dispute. Where litigation has commenced, the funds in question are interpled into the applicable court; in other instances, i.e., where there is a dispute but no cause of action has been commenced, the Debtors hold the funds on account in suspense. With regard to litigation, upon the conclusion or settlement of the matter, the court typically orders that the interpled funds be paid to the appropriate party. With respect to informal disputes, upon receipt of a fully executed settlement agreement or similar evidence of properly cured title, the Debtors release the funds in question to the appropriate third party as directed by the settlement agreement. Because these funds are not property of their estates, the Debtors do not believe that they have any liability on account of such litigation. As such the informal disputes are not included in the Statements and Schedules.

**Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

a. Unknown Amounts. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

b. Totals. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

c. Paid Claims. The Debtors have authority to pay certain outstanding prepetition payables pursuant to various Bankruptcy Court orders. Accordingly, certain outstanding liabilities may have been reduced by postpetition payments made on account of prepetition liabilities. In most instances, as applicable, the Debtors have omitted listing those

prepetition liabilities which have been fully satisfied prior to the filing of these Schedules or reduced the remaining liability to reflect payments described herein. To the extent the Debtors pay any of the liabilities listed in the Schedules pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules or take other action as is necessary and appropriate to avoid over-payment of or duplicate payments for any such liabilities.

d. Liens. Property and equipment listed in the Schedules are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

e. Currency. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**Credits and Adjustments.** The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

**Setoffs.** The Debtors incur certain setoffs, net payments, and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, credits, rebates, returns, refunds, negotiations, and/or disputes between the Debtors and their customers and/or suppliers.. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules.

**Estimates.** To close the books and records of the Debtors as of the Petition Date and to prepare such information on a legal entity basis, the Debtors were required to make estimates, allocations, and assumptions that affect the reported amounts of assets, liabilities, revenue and expenses as of the Petition Date. The Debtors reserve all rights, but shall not be required, to amend the reported amounts of assets, revenue, and expenses to reflect changes in those estimates and assumptions.

## Specific Disclosures with Respect to the Debtors' Schedules

**Schedules Summary.** Except as otherwise noted, the asset information provided herein represents the Debtors' data regarding their assets as of May 31, 2023, unless values as of the Petition Date were readily available, and the liability information provided herein represents the Debtors' data regarding their liabilities as of the close of business on the Petition Date. The

Debtors have excluded amounts where the prepetition liability has been reduced by postpetition payments pursuant to certain first-day relief.

For financial reporting purposes, the Debtors ordinarily prepare consolidated financial statements. Unlike the consolidated financial statements, the Schedules reflect the assets and liabilities of each Debtor on a nonconsolidated basis, except where otherwise indicated. Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.

The Schedules do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or at any time before the Petition

**Schedule A/B 2 and A/B 3**. Cash balances are listed as of the Petition Date. Details with respect to the Debtors' cash management system and bank accounts are provided in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate the Cash Management Systems, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, (D) Continue to Perform Intercompany Transactions, and (II) Granting Related Relief* [Docket No. 5] (the "***Cash Management Motion***").

**Schedule A/B 15**. Equity interests in subsidiaries arise from common stock ownership or member interests. Each Debtor's "Schedule B – Personal Property" lists such Debtor's ownership interests, if any, in subsidiaries. For purposes of these Statements and Schedules, the Debtors have listed the value of such ownership interests as unknown because the fair market value of such stock or interests is dependent on numerous variables and factors and may differ significantly from the net book value.

**Schedule A/B 55.** The Debtors do not own any real property. The Debtors' location and headquarters prior to the Petition Date were leased.

**Schedules A/B 59-69.** Intangibles and Intellectual Property listed in Schedules A/B 59-69 are listed as an unknown amount. The fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value. The Debtors have made diligent attempts to properly identify which Debtor owns each domain name, but have been unable to do so given the historical nature by which the data was maintained. Given the ongoing restructuring efforts and staffing limitation, it would be unduly burdensome undertake this exercise at this time, and therefore, the Debtors have listed the majority of domain names on Progrexion Marketing, Inc.'s Schedule A/B. The Debtors reserve the right to amend this disclosure.

Schedule A/B 72. The Debtors file federal taxes on a consolidated basis. Net operating losses ("NOLs") and general business credit carryforwards are available to offset taxable income or reduce the tax liability of the consolidated group, of which PGX Holdings Inc. is the parent. Amounts listed for federal and state NOLs and general business credit carryforwards are based on the Debtors' reasonable estimates.

**Schedules A/B 74 and A/B 75.** In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, setoffs, credits, refunds, or rebates. Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counterclaims as a defendant. Because such Claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed in the Schedules. The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

**Schedule D.** The Debtors have not included parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. The amounts outstanding under the Debtors' prepetition secured credit facilities reflect approximate amounts as of the Petition Date.

With respect to the Claims listed on Schedule D, reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. In addition, unless otherwise stated, the Debtors have not included on Schedule D parties that may hold liens on personal property or in connection with equipment leases. The Debtors reserve all of their rights to amend Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

**Schedule E/F.** The Bankruptcy Court has authorized the Debtors, in their discretion, to pay certain liabilities that may be entitled to priority under the applicable provisions of the Bankruptcy Code. For example, on June 6, 2023, the Bankruptcy Court entered that certain: *Interim Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs, and (II) Granting Related Relief* [Docket No. 58]; the *Interim Order (I) Authorizing the Debtors to Maintain and Administer Their Existing Customer Programs and Honor Certain Prepetition Obligations Related Thereto and (II) Granting Related Relief* [Docket No. 59]; the *Interim Order (I) Authorizing the Payment of Certain Prepetition and Postpetition Taxes and Fees and (II) Granting Related Relief* [Docket No. 60]; the *Interim Order (I) Authorizing Debtors to Pay Certain Prepetition Claims of Critical Vendors and (II) Granting Related Relief* [Docket No. 62] (the "Vendor Order"); and the *Interim Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered Into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief* [Docket No. 63]. To the extent that applicable Claims have been paid under one or more of the foregoing orders, such Claims may not be included in Schedule E/F. To the extent that partial payments on a claim have

been made postpetition with respect to the Lien Claimant Order or the Vendor Order or other first day relief, the claims listed on Schedule E/F have not been reduced for such payments.

The Debtors' analysis of potential priority claims is ongoing and may take significant time to complete. Accordingly, some amounts on Schedule E/F may have been classified as non-priority pending conclusion of that analysis. The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve their right to dispute the priority status of any claim on any basis.

The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F, based upon the Debtors' books and records as of the Petition Date.

Determining the date upon which each Claim on Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule E/F. Furthermore, claims listed on Schedule E/F have been aggregated by unique creditor name and remit to address and may include several dates of incurrence for the aggregate balance listed.

Schedule E/F may contain potential claims on account of pending litigation involving the Debtors. Each potential claim associated with any such pending litigation is marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the potential litigation claims listed on Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

Schedule E/F may also include potential or threatened litigation claims. Any information contained in Schedule E/F with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Additionally, Schedule E/F does not include potential rejection damage Claims, of the counterparties to executory contracts and unexpired leases that may be rejected.

Schedule E/F may reflect certain deposits that were provided to the Debtors prepetition by customers for future events. Certain of these deposits may have been applied postpetition in cases where the events have incurred. The amounts reflected on Schedule E/F have not been reduced for the utilization of such deposits.

**Schedule G.** Although reasonable efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors may have occurred. Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement was an executory contract or unexpired lease as of the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the leases

and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable or separate contracts. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Further, the Debtors reserve all of their rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on Schedule G.

The Debtors reserve all of their rights, Claims and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. Schedule G may be amended at any time to add any omitted contract, agreement or lease.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Consistent with the Interim Order (I) Authorizing the Debtors to (A) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (B) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (C) Serve Certain Parties in Interest by Email, (D) Approve the Form and Manner of Service of the Notice of Commencement (E) Redact or Withhold Certain Confidential Information, and (F) Redact Certain Personally Identifiable Information and (II) Granting Related Relief [Docket No. 64], contracts with customers do not appear on Schedule G.

**Schedule H.** For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as Co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties. Because all such Claims are contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule E/F and Statement 7, as applicable.

## Specific Disclosures with Respect to the Debtors' Statements

**Statement 1 & 2.** Revenue amounts listed are through May 31, 2023

**Statement 3.** Statement 3 includes any disbursement or other transfer made by the Debtors within 90 days before the Petition Date except for those made to insiders (which payments appear in response to Statement 4), employees, and bankruptcy professionals (which payments appear in response to Statement 11). The amounts listed in Statement 3 reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3. All disbursements listed on Statement 3 are made through the Debtors' cash management system.

**Statement 4.**

With respect to individuals, the amounts listed reflect certain payments and transfers to such individuals, including, without limitation, compensation, bonus (if any), expense reimbursement, relocation reimbursement and/or severance and the like.

Solely for purposes of the Schedules and Statements, the Debtors define "Insiders" to include the following: (a) directors; (b) officers; (c) shareholders holding in excess of 5% of the voting shares of one of the Debtor entities (whether directly or indirectly); (d) relatives of directors, officers or shareholders of the Debtors (to the extent known by the Debtors); and (e) Debtor/non-Debtor affiliates. The listing of a party as an Insider in the Schedules and Statements, however, is not intended to be, nor shall be, construed as a legal characterization or determination of such party as an actual insider and does not act as an admission of any fact, claim, right or defense, and all such

rights, claims, and defenses are hereby expressly reserved. Furthermore, the Debtors have excluded corporate card use from this disclosure.

**Statement 6.** There may be instances where such a setoff has occurred without the Debtors' knowledge.

**Statement 7.** The Debtors reserve all rights with respect to the suits and proceedings included in Statement. 7. Nothing contained herein shall be construed as an admission of liability or waiver of any right or defense.

**Statement 9.** The Debtors collect charitable contributions from employees through various means, including withholding amounts from an employees' wages based on their elections. In these instances, the Debtors act as a conduit, passing the contribution through the Debtors' bank accounts to the charity. Out of an abundance of caution, the Debtors have listed these pass-through payments in response to this Statement request.

**Statement 11.** Payments related to bankruptcy are reflected on the Statement of the Debtor entity that made the payment, but are for the benefit of all Debtors. Furthermore, certain payments to professionals included on Statement 11 may not have been made in relation to bankruptcy preparation and may be included on this response.

**Statement 26d.** The Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date. The disclosure of each of such parties would be impractical and burdensome as the Debtors generally do not track such sharing. Moreover, the parties with which the Debtors have shared such financial statements may be in turn further shared the financial statements with other entities without the Debtors' knowledge or consent.

**Statement 30**. The responses to this item are included in Statement 4.

**Fill in this information to identify the case:**

Debtor name Progrexion Holdings, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number (If known): 23-10727

☐ Check if this is an amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

## Part 1: Summary of Assets

1. ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

1a. **Real property:**
Copy line 88 from *Schedule A/B* ........ $ 0.00

1b. **Total personal property:**
Copy line 91A from *Schedule A/B* ........ $ Undetermined

1c. **Total of all property:**
Copy line 92 from *Schedule A/B* ........ $ Undetermined

## Part 2: Summary of Liabilities

2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* ........ $ 442,096,818.83

3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

3a. **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from line 5a of *Schedule E/F* ........ $ Undertermined

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ........ + $ 0.00

4. **Total liabilities** ........
Lines 2 + 3a + 3b ........ $ 442,096,818.83*

***Plus Undetermined Amounts**

**Fill in this information to identify the case:**

Debtor name Progrexion Holdings, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number (If known) 23-10727

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.

☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|
| 2. **Cash on hand** | | | $ |
| 3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)* | | | |
| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| 3.1 | | | $ |
| 3.2 | | | $ |
| 4. **Other cash equivalents** *(Identify all)* | | | |
| 4.1 | | | $ |
| 4.2 | | | $ |
| 5. **Total of Part 1** Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. | | | $ 0.00 |

## Part 2: Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

☑ No.Go to Part 3.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| 7. **Deposits, including security deposits and utility deposits** | |
| Description, including name of holder of deposit | |
| 7.1 | $ |
| 7.2 | $ |

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

| | | |
|---|---|---|
| 8.1 | | $ |
| 8.2 | | $ |

9. **Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81. $ 0.00

**Part 3: Accounts receivable**

10. **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.
☐ Yes. Fill in the information below.

11. **Accounts receivable**

| | face amount | | doubtful or uncollectible accounts | | Current value of debtor's interest |
|---|---|---|---|---|---|
| 11a. 90 days old or less: | | — | | = ...... → | $ |
| 11b. Over 90 days old: | | — | | = ...... → | $ |

12. **Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82. $ 0.00

**Part 4: Investments**

13. **Does the debtor own any investments?**

☐ No. Go to Part 5.
☑ Yes. Fill in the information below.

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **14. Mutual funds or publicly traded stocks not included in Part 1** | | | |
| Name of fund or stock: | | | |
| 14.1 | None | | $ 0.00 |
| 14.2 | | | $ |

| | Name of entity: | % of ownership: | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture** | | | | |
| 15.1 | See Attached Rider | % | | $ Undetermined |
| 15.2 | | % | | $ |

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1** | | | |
| Describe: | | | |
| 16.1 | None | | $ 0.00 |
| 16.2 | | | $ |

17. **Total of Part 4**

Add lines 14 through 16. Copy the total to line 83. $ Undetermined

***Plus Undetermined Amounts**

## Part 5: Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

- ☑ No. Go to Part 6.
- ☐ Yes. Fill in the information below.

| General Description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| | MM / DD / YYYY | $ | | $ |
| 20. **Work in progress** | | | | |
| | MM / DD / YYYY | $ | | $ |
| 21. **Finished goods, including goods held for resale** | | | | |
| | MM / DD / YYYY | $ | | $ |
| 22. **Other inventory or supplies** | | | | |
| | MM / DD / YYYY | $ | | $ |

23. **Total of Part 5.** $ 0.00

Add lines 19 through 22. Copy the total to line 84.

24. **Is any of the property listed in Part 5 perishable?**

- ☐ No
- ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

- ☐ No
- ☐ Yes. Book value $ ______ Valuation method ______ Current value $ ______

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

- ☐ No
- ☐ Yes

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

- ☑ No. Go to Part 7.
- ☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops-either planted or harvested** | | | |
| | $ | | $ |
| 29. **Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| | $ | | $ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| | $ | | $ |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| | $ | | $ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |
| | $ | | $ |

33. **Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85. $ 0.00

34. **Is the debtor a member of an agricultural cooperative?**
- ☐ No
- ☐ Yes. Is any of the debtor's property stored at the cooperative?
  - ☐ No
  - ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
- ☐ No
- ☐ Yes. Book value $ ________ Valuation method ________ Current value $ ________

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
- ☐ No
- ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
- ☐ No
- ☐ Yes

## Part 7: Office furniture, fixtures, and equipment; and collectibles

38 **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**
- ☑ No. Go to Part 8.
- ☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| | $ | | $ |
| 40. **Office fixtures** | | | |
| | $ | | $ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| | $ | | $ |
| 42. **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 | $ | | $ |
| 42.2 | $ | | $ |
| 42.3 | $ | | $ |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86. $ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
- ☐ No
- ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
- ☐ No
- ☐ Yes

Debtor Progrexion Holdings, Inc. Case number (If known) 23-10727
Name

## Part 8: Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| **General Description** Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | $ | | $ |
| 47.2 | $ | | $ |
| 47.3 | $ | | $ |
| 47.4 | $ | | $ |
| 48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | $ | | $ |
| 48.2 | $ | | $ |
| 49. **Aircraft and accessories** | | | |
| 49.1 | $ | | $ |
| 49.2 | $ | | $ |
| 50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| | $ | | $ |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87. $ 0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No
☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No
☐ Yes

## Part 9: Real property

54. **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| **Description and location of property** Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | **Nature and extent of debtor's interest in property** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|---|
| 55.1 | | $ | | $ |
| 55.2 | | $ | | $ |
| 55.3 | | $ | | $ |
| 55.4 | | $ | | $ |
| 55.5 | | $ | | $ |
| 55.6 | | $ | | $ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88. $ 0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 10: Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| **General Description** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| 61. **Internet domain names and websites** | $ | | $ |
| 62. **Licenses, franchises, and royalties** | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | $ | | $ |
| 64. **Other intangibles, or intellectual property** | $ | | $ |
| 65. **Goodwill** | $ | | $ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89. $ 0.00

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?
- ☐ No
- ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
- ☐ No
- ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
- ☐ No
- ☐ Yes

## Part 11: All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.
- ☐ No. Go to Part 12.
- ☑ Yes. Fill in the information below.

| | | | | Current value of debtor's interest |
|---|---|---|---|---|
| 71. **Notes receivable**<br>Description (include name of obligor) | | | | |
| None | Total Face Amount | — Doubtful or uncollectible Amount | = → | $ 0.00 |
| 72. **Tax refunds and unused net operating losses (NOLs)**<br>Description (for example, federal, state, local) | | | | |
| | Tax Year | | | $ |
| | Tax Year | | | $ |
| | Tax Year | | | $ |
| 73. **Interests in insurance policies or annuities** | | | | |
| See Attached Rider | | | | $ Undetermined |
| 74. **Causes of action against third parties (whether or not a lawsuit has been filed)** | | | | |
| None | | | | $ 0.00 |
| **Nature of Claim** | | | | |
| **Amount Requested** $ | | | | |
| 75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** | | | | |
| None | | | | $ 0.00 |
| **Nature of Claim** | | | | |
| **Amount Requested** $ | | | | |
| 76. **Trusts, equitable or future interests in property** | | | | |
| None | | | | $ 0.00 |
| 77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership | | | | |
| None | | | | $ 0.00 |
| | | | | $ |
| 78. **Total of Part 11.**<br>Add lines 71 through 77. Copy the total to line 90. | | | | $ Undetermined |

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
- ☑ No
- ☐ Yes

***Plus Undetermined Amounts**

Debtor Progrexion Holdings, Inc. Case number (If known) 23-10727
Name

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of Property | Current value of personal property | | Current value of real property |
|---|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0.00 | | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0.00 | | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ Undetermined | | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | | |
| 88. **Real property.** *Copy line 56, Part 9.* | → | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ Undetermined | | |
| 91. **Total.** Add lines 80 through 90 for each column. 91a. | $ Undetermined | + 91b. | $0.00 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92 ... $ Undetermined

***Plus Undetermined Amounts**

Debtor Name: Progrexion Holdings, Inc. Case Number: 23-10727

**Assets - Real and Personal Property**

**Part 4, Question 15:** Non-publicly traded stock interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture.

| **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture** *(Name of entity:)* | **% of Ownership** | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|
| Investment in various subsidiaries | | | Undetermined |
| | | **TOTAL** | $0.00<br>+ Undetermined Amounts |

Debtor Name: Progrexion Holdings, Inc. Case Number: 23-10727

**Assets - Real and Personal Property**

**Part 11, Question 72:** Tax Refunds and unused net operating losses (NOLs)

| **Tax refunds and unused net operating losses (NOLs)** Description (for example, federal, state, local) | **Tax Year** | **Current Value of debtor's interest** |
|---|---|---|
| PGX Holdings is the parent company of Progrexion Holdings, Inc. for consolidated tax purposes. PGX Holdings, Inc. estimates that, as of December 31, 2022, it had approximately $530,000 of state NOLs and approximately $110 million of 163(j) carryforwards. | Various | Undetermined |
| | **TOTAL** | Undetermined |

Debtor Name: Progrexion Holdings, Inc. Case Number: 23-10727

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| **Interests in insurance policies or annuities** (Description) | **Policy Type** | **Policy Number** | **Current value of debtor's interest** |
|---|---|---|---|
| (Applied) Texas Insurance Company | Excess Director & Officers Liability Claims Made (Layer #2: $2.5M Xs $2.5M) | BFLXDOTUT011200_021149-01 | Undetermined |
| (Argo) Peleus Insurance | Excess Director & Officers Liability Claims Made (Layer #4: $2.5M Xs $7.5M) | CDX4260968-0 | Undetermined |
| (Chubb) Federal Insurance Company | Business Travel Accident | 9907-97-48 | Undetermined |
| (Chubb) Westchester Fire Insurance Company | Excess Director & Officers Liability Claims Made (Layer #3: $2.5M Xs $5M) | G47382245 001 | Undetermined |
| (Orion) Obsidian Specialty Insurance Company | Excess Director & Officers Liability Claims Made (Layer #5: $2.5M Xs $10M) | OSIC-580-DOX-1-2022-0 | Undetermined |
| (RSUI) Lankmark American Insurance Company | Excess Director & Officers Liability Claims Made (Layer #6: $2.5M Xs $12.5M) | LHS703466 | Undetermined |
| (RSUI) Lankmark American Insurance Company | Excess Technology Errors & Omissions / Cyber Liability - Claims Made (Layer #2: Quota Share $3M Part Of $6M xs $3M) | LQS346936 | Undetermined |
| (Sompo) Endurance Assurance Corporation | Directors & Officers Liability / Employment Practices Liability / Fiduciary - Claims Made (Layer #1: Primary $2.5M) | MAP30030124900 | Undetermined |
| AIG Specialty Insurance Company | Technology Errors & Omissions / Cyber Liability - Claims Made (Layer #1: Primary $3M) | 01-464-70-57 | Undetermined |
| Atlantic Specialty Insurance Company | Auto (Package Policy) | 711-01-76-18-0001 | Undetermined |
| Atlantic Specialty Insurance Company | Flood (Package Policy) | 711-01-76-18-0001 | Undetermined |
| Atlantic Specialty Insurance Company | General Liability (Package Policy) | 711-01-76-18-0001 | Undetermined |
| Atlantic Specialty Insurance Company | International (Package Policy) | 711-01-76-18-0001 | Undetermined |
| Atlantic Specialty Insurance Company | Property (Package Policy) | 711-01-76-18-0001 | Undetermined |
| Atlantic Specialty Insurance Company | Quake (Package Policy) | 711-01-76-18-0001 | Undetermined |
| Atlantic Specialty Insurance Company | Umbrella / Excess Liability (Package Policy) | 711-01-76-18-0001 | Undetermined |
| Atlantic Specialty Insurance Company | Work Comp | 406-04-80-51-0001 | Undetermined |
| AXIS Insurance Company | Crime | P-001-000442302-03 | Undetermined |
| Hiscox Insurance Company, Inc. | Kidnap & Ransom | UKA3017567.22 | Undetermined |
| Starr Surplus Lines Insurance Company | Excess Technology Errors & Omissions / Cyber Liability - Claims Made (Layer #2: Quota Share $3M Part Of $6M xs $3M) | 1000634739221 | Undetermined |
| | | **TOTAL** | $0.00 + Undetermined Amounts |

**Fill in this information to identify the case:**

Debtor name: Progrexion Holdings, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number (If known): 23-10727

☐ Check if this is an amended filing

# Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

## Part 1: List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

*Column A* **Amount of Claim** Do not deduct the value of collateral.

*Column B* **Value of collateral that supports this claim**

**2.1**

**Creditor's name**
BLUE TORCH FINANCE LLC

**Describe debtor's property that is subject to a lien**
SEE SCHEDULE D DISCLOSURES

Column A: $ 257,570,750.60 — Column B: $ Undetermined

**Creditor's mailing address**
C/O BLUE TORCH CAPITAL LP
150 EAST 58TH STREET, 18TH FLOOR
NEW YORK, NY 10155

**Describe the lien**
First Lien Financing Agreement

**Creditor's email address, if known**
BLUETORCHAGENCY@ALTERDOMUS.COM

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred** Undetermined

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**2.2**

**Creditor's name**
PROSPECT CAPITAL CORPORATION

**Describe debtor's property that is subject to a lien**
SEE SCHEDULE D DISCLOSURES

Column A: $ 184,526,068.23 — Column B: $ Undetermined

**Creditor's mailing address**
ATTN: GENERAL COUNSEL AND JASON WILSON
10 EAST 40TH STREET
42ND FLOOR
NEW YORK, NY 10016

**Describe the lien**
Second Lien Financing Agreement

**Creditor's email address, if known**
JWILSON@PROSPECTCAP.COM

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred** Undetermined

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes. Have you already specified the relative priority?
- ☑ No. Specify each creditor, including this creditor, and its relative priority.
- ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** $ 442,096,818.83

## Part 2: List Others to Be Notified for a Debt Already Listed in Part 1

**List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

**If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.**

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| KING & SPALDING LLP<br>ATTENTION: JENNIFER E. DALY<br>1185 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10036 | Line 2. 1 | |
| PROSKAUER ROSE LLP<br>ATTENTION: PETER J. ANTOSZYK; SCOTT PATRICK THURMAN<br>ONE INTERNATIONAL PLACE<br>BOSTON, MA 02110-2600 | Line 2. 2 | |
| SEI – BLUE TORCH CAPITAL LOAN OPS<br>1 FREEDOM VALLEY DRIVE<br>OAKS, PA 19456 | Line 2. 1 | |
| | Line 2. | |
| | Line 2. | |
| | Line 2. | |
| | Line 2. | |
| | Line 2. | |
| | Line 2. | |
| | Line 2. | |
| | Line 2. | |

**Fill in this information to identify the case:**

Debtor: Progrexion Holdings, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number (If known): 23-10727

☐ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   - ☐ No. Go to Part 2.
   - ☑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | Total claim | Priority amount |
|---|---|---|---|---|
| 2.1 | STATE OF CALIFORNIA FRANCHISE TAX BOARD<br>PO BOX 1673<br>ATTN: LILLIAN M. HUERTA<br>SACRAMENTO, CA 95812-1673<br>**Date or dates debt was incurred**<br>**Last 4 digits of account number**<br>**SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) () | *Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br>**Basis for the claim:** California State Income Tax Audit<br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | $ Undetermined | $ Undetermined |
| 2.2 | **Date or dates debt was incurred**<br>**Last 4 digits of account number**<br>**SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) () | *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:**<br>**Is the claim subject to offset?**<br>☐ No<br>☐ Yes | $ | $ |
| 2.3 | **Date or dates debt was incurred**<br>**Last 4 digits of account number**<br>**SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) () | *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:**<br>**Is the claim subject to offset?**<br>☐ No<br>☐ Yes | $ | $ |

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

3.1 **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$

**Date or dates debt was incurred**

**Is the claim subject to offset?**
☐ No
☐ Yes

**Last 4 digits of account number**

3.2 **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$

**Date or dates debt was incurred**

**Is the claim subject to offset?**
☐ No
☐ Yes

**Last 4 digits of account number**

3.3 **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$

**Date or dates debt was incurred**

**Is the claim subject to offset?**
☐ No
☐ Yes

**Last 4 digits of account number**

3.4 **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$

**Date or dates debt was incurred**

**Is the claim subject to offset?**
☐ No
☐ Yes

**Last 4 digits of account number**

3.5 **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$

**Date or dates debt was incurred**

**Is the claim subject to offset?**
☐ No
☐ Yes

**Last 4 digits of account number**

3.6 **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$

**Date or dates debt was incurred**

**Is the claim subject to offset?**
☐ No
☐ Yes

**Last 4 digits of account number**

Debtor Progrexion Holdings, Inc. Case number (If known): 23-10727

Name

## Part 3: List Others to Be Notified About Unsecured Claims

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.**

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | | Line<br>☐ Not listed. Explain | |
| 4.2 | | Line<br>☐ Not listed. Explain | |
| 4.3 | | Line<br>☐ Not listed. Explain | |
| 4.4 | | Line<br>☐ Not listed. Explain | |
| 4.5 | | Line<br>☐ Not listed. Explain | |
| 4.6 | | Line<br>☐ Not listed. Explain | |
| 4.7 | | Line<br>☐ Not listed. Explain | |
| 4.8 | | Line<br>☐ Not listed. Explain | |
| 4.9 | | Line<br>☐ Not listed. Explain | |

## Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. | **Total claims from Part 1** | 5a. | $ 0.00<br>+ Undetermined Amounts |
| 5b. | **Total claims from Part 2** | 5b. + | $ 0.00 |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 0.00<br>+ Undetermined Amounts |

**Fill in this information to identify the case:**

Debtor name: Progrexion Holdings, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number (If known): 23-10727

☐ Check if this is an amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.1 State what the contract or lease is for and the nature of the debtor's interest<br>State the term remaining<br>List the contract number of any government contract | Benefits Agreement Dated 01/01/2023 | DELTA DENTAL INSURANCE COMPANY<br>BRITTANY CHANDLER<br>1130 SANCTUARY PARKWAY<br>ALPHARETTA, GA 30009 |
| 2.2 State what the contract or lease is for and the nature of the debtor's interest<br>State the term remaining<br>List the contract number of any government contract | Operations & Maintenance Agreement Dated 11/01/2021 | GARTNER, INC.<br>56 TOP GALLANT ROAD<br>STAMFORD, CT 06902 |
| 2.3 State what the contract or lease is for and the nature of the debtor's interest<br>State the term remaining<br>List the contract number of any government contract | Implementation Specialists Services Agreement Dated 03/10/2022 | IMPLEMENTATION SPECIALISTS, INC.<br>DEB SLETMOEN, PRESIDENT<br>IMPLEMENTATION SPECIALISTS<br>920 O'DONNELL STREET<br>HAWLEY, MN 56549 |
| 2.4 State what the contract or lease is for and the nature of the debtor's interest<br>State the term remaining<br>List the contract number of any government contract | Retention and Joint Prosecution Agreement Dated 03/23/2018 | MILLER FRIEL, PLLC<br>ATTN: MARK E. MILLER<br>1200 NEW HAMPSHIRE AVENUE NW<br>SUITE 800<br>WASHINGTON, DC 20036 |
| 2.5 State what the contract or lease is for and the nature of the debtor's interest<br>State the term remaining<br>List the contract number of any government contract | Telco Circuit for Intelepeer - M2M | VERIZON COMMUNICATIONS, INC<br>PO BOX 15043<br>ALBANY, NY 12212-5043 |

**Additional Page if Debtor Has More Executory Contracts or Unexpired Leases**

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.6 State what the contract or lease is for and the nature of the debtor's interest | Engagement Letter Dated 12/16/2019 | WILLIAMS & CONNOLLY LLC<br>725 TWELFTH STREET, N.W.<br>WASHINGTON, DC 20005 |
| State the term remaining | | |
| List the contract number of any government contract | | |
| State what the contract or lease is for and the nature of the debtor's interest | | |
| State the term remaining | | |
| List the contract number of any government contract | | |
| State what the contract or lease is for and the nature of the debtor's interest | | |
| State the term remaining | | |
| List the contract number of any government contract | | |
| State what the contract or lease is for and the nature of the debtor's interest | | |
| State the term remaining | | |
| List the contract number of any government contract | | |
| State what the contract or lease is for and the nature of the debtor's interest | | |
| State the term remaining | | |
| List the contract number of any government contract | | |
| State what the contract or lease is for and the nature of the debtor's interest | | |
| State the term remaining | | |
| List the contract number of any government contract | | |
| State what the contract or lease is for and the nature of the debtor's interest | | |
| State the term remaining | | |
| List the contract number of any government contract | | |

**Fill in this information to identify the case:**

Debtor name Progrexion Holdings, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number (If known): 23-10727

☐ Check if this is an amended filing

# Official Form 206H
# Schedule H: Codebtors

12/15

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the additional Page to this page.**

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| 2.1 | Credit Repair UK, Inc. | 257 East 200 South<br>Suite 1200<br>Salt Lake City, UT 84111 | BLUE TORCH FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.2 | Credit Repair UK, Inc. | 257 East 200 South<br>Suite 1200<br>Salt Lake City, UT 84111 | PROSPECT CAPITAL CORPORATION | ☑ D<br>☐ E/F<br>☐ G |
| 2.3 | Credit.com, Inc. | 257 East 200 South<br>Suite 1200<br>Salt Lake City, UT 84111 | BLUE TORCH FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.4 | Credit.com, Inc. | 257 East 200 South<br>Suite 1200<br>Salt Lake City, UT 84111 | PROSPECT CAPITAL CORPORATION | ☑ D<br>☐ E/F<br>☐ G |
| 2.5 | Creditrepair.com Holdings, Inc. | 257 East 200 South<br>Suite 1200<br>Salt Lake City, UT 84111 | BLUE TORCH FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.6 | Creditrepair.com Holdings, Inc. | 257 East 200 South<br>Suite 1200<br>Salt Lake City, UT 84111 | PROSPECT CAPITAL CORPORATION | ☑ D<br>☐ E/F<br>☐ G |

## Additional Page if Debtor Has More Codebtors

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| 2.7 | Creditrepair.com, Inc. | 257 East 200 South<br>Suite 1200<br>Salt Lake City, UT 84111 | BLUE TORCH FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.8 | Creditrepair.com, Inc. | 257 East 200 South<br>Suite 1200<br>Salt Lake City, UT 84111 | PROSPECT CAPITAL CORPORATION | ☑ D<br>☐ E/F<br>☐ G |
| 2.9 | eFolks Holdings, Inc. | 257 East 200 South<br>Suite 1200<br>Salt Lake City, UT 84111 | BLUE TORCH FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.10 | eFolks Holdings, Inc. | 257 East 200 South<br>Suite 1200<br>Salt Lake City, UT 84111 | PROSPECT CAPITAL CORPORATION | ☑ D<br>☐ E/F<br>☐ G |
| 2.11 | eFolks, LLC | 257 East 200 South<br>Suite 1200<br>Salt Lake City, UT 84111 | BLUE TORCH FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.12 | eFolks, LLC | 257 East 200 South<br>Suite 1200<br>Salt Lake City, UT 84111 | PROSPECT CAPITAL CORPORATION | ☑ D<br>☐ E/F<br>☐ G |
| 2.13 | PGX Holdings, Inc. | 257 East 200 South<br>Suite 1200<br>Salt Lake City, UT 84111 | BLUE TORCH FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.14 | PGX Holdings, Inc. | 257 East 200 South<br>Suite 1200<br>Salt Lake City, UT 84111 | PROSPECT CAPITAL CORPORATION | ☑ D<br>☐ E/F<br>☐ G |

## Additional Page if Debtor Has More Codebtors

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| 2.15 | Progrexion ASG, Inc. | 257 East 200 South<br>Suite 1200<br>Salt Lake City, UT 84111 | BLUE TORCH FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.16 | Progrexion ASG, Inc. | 257 East 200 South<br>Suite 1200<br>Salt Lake City, UT 84111 | PROSPECT CAPITAL CORPORATION | ☑ D<br>☐ E/F<br>☐ G |
| 2.17 | Progrexion IP, Inc. | 257 East 200 South<br>Suite 1200<br>Salt Lake City, UT 84111 | BLUE TORCH FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.18 | Progrexion IP, Inc. | 257 East 200 South<br>Suite 1200<br>Salt Lake City, UT 84111 | PROSPECT CAPITAL CORPORATION | ☑ D<br>☐ E/F<br>☐ G |
| 2.19 | Progrexion Marketing, Inc. | 257 East 200 South<br>Suite 1200<br>Salt Lake City, UT 84111 | BLUE TORCH FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.20 | Progrexion Marketing, Inc. | 257 East 200 South<br>Suite 1200<br>Salt Lake City, UT 84111 | PROSPECT CAPITAL CORPORATION | ☑ D<br>☐ E/F<br>☐ G |
| 2.21 | Progrexion Teleservices, Inc. | 257 East 200 South<br>Suite 1200<br>Salt Lake City, UT 84111 | BLUE TORCH FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.22 | Progrexion Teleservices, Inc. | 257 East 200 South<br>Suite 1200<br>Salt Lake City, UT 84111 | PROSPECT CAPITAL CORPORATION | ☑ D<br>☐ E/F<br>☐ G |

Debtor Progrexion Holdings, Inc. Case number (If known): 23-10727

Name

## Additional Page if Debtor Has More Codebtors

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| 2.23 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.24 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.25 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.26 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.27 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.28 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.29 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.30 | | | | ☐ D<br>☐ E/F<br>☐ G |

**Fill in this information to identify the case and this filing:**

Debtor name Progrexion Holdings, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number (If known) 23-10727

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☑ *Schedule H: Codebtors* (Official Form 206H)
- ☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended Schedule ____________________
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration ____________________

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 7/31/2023
MM / DD / YYYY

**X** /s/ Jared Hartley
Signature of individual signing on behalf of debtor

Jared Hartley
Printed name

Authorized Signatory
Position or relationship to debtor